UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NULPH INDUSTRIES, INC., an Idaho corporation, d/b/a THUNDERBIRD MANUFACTURING,<br><br>Plaintiff,<br><br>v.<br><br>DOUBLE M RANCH AND AGRICULTURE SUPPLY, INC., an Idaho corporation, d/b/a DOUBLE M AG AND IRRIGATION,<br><br>Defendant. | Case No. 4:24-cv-00061-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff Nulph Industries, Inc.'s Motion for Discovery Sanctions (Dkt. 22). Having reviewed the record and the parties' submissions, the Court finds the facts and legal argument are adequately presented and oral argument would not significantly aid its decision-making process. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons discussed below, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

Plaintiff served its first set of interrogatories and requests for production on Double M in August 2024. After the parties were unable to resolve several disputes regarding Double M's responses, Plaintiff moved to compel in February 2025 (Dkt. 14). On August 27, 2025, the Court granted the motion (Dkt. 21).

The Court has already rejected Double M's attempt to limit discovery based on the date Plaintiff acquired or applied to register the Thunderbird marks (*id*. at 6); rejected Double M's objections that numerous terms in Plaintiff's requests were vague or ambiguous (*id*. at 7-12); ruled

Double M must disclose parts that it "identified, sold, marketed, or promoted as in some way affiliated with or compatible with Thunderbird Manufacturing or any of its claimed marks" (*id*. at 11); and ruled that Plaintiff was entitled to the identity of persons with information regarding the sale and manufacture of Double M's products (*id*. at 12-13). Double M was ordered to answer discovery consistent with that analysis within twenty-eight days, or by September 24, 2025 (*id*. at 13).

Double M did not meet that deadline. Double M served amended discovery responses and approximately 398 pages of documents on October 13, 2025, nineteen days after the Court-ordered deadline (Dkt. 22-2 at ¶¶ 4-12; Dkt. 23-1 at ¶¶ 6-11). Its production included a sales summary identifying sixteen product codes and $149,424.22 in net sales, together with invoices and other transaction-level records (Dkt. 23 at 2-3; Dkt. 23-5 at 1).

Plaintiff contends those amended responses do not comply with the Court's order. It specifically identifies Interrogatories Nos. 3, 6, and 10 and Requests for Production Nos. 8, 18, 19, 21, 23, and 25 (Dkt. 24 at 7). Plaintiff seeks an order striking Double M's answer and defenses, entering default, appointing a receiver or special master to examine Double M's business records, entering default judgment based on that examination, and awarding attorney fees (Dkt. 22).

## II. LEGAL STANDARD

Discovery between parties should be cooperative and largely unsupervised by the district court. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219–20 (9th Cir. 2018). When that cooperation breaks down, the district court has broad discretion to regulate discovery conduct and, if needed, impose sanctions. *See* Fed. R. Civ. P. 37; *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017). "When justified, discovery sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those

who might be tempted to such conduct in the absence of such a deterrent." *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 310–11 (C.D. Cal. 2020) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980)) (internal quotation marks and brackets omitted). Whether to issue sanctions is within the district court's "wide discretion in controlling discovery." *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011); *Tornabene v. City of Blackfoot*, No. 4:22-cv-00180-AKB, 2024 WL 809900, at *6 (D. Idaho Feb. 27, 2024).

Under Rule 37(b)(2), if a party fails to obey an order to provide or permit discovery, the Court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Those orders may include directing that designated facts be taken as established; prohibiting the disobedient party from supporting or opposing designated claims or defenses or introducing designated matters in evidence; striking pleadings in whole or in part; staying proceedings until the order is obeyed; dismissing the action in whole or in part; rendering default judgment; or treating the failure to obey as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

When a party seeks a case-terminating sanction, the Court is "required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, and also to consider the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012); *Tornabene*, 2024 WL 809900, at *9. "Terminating sanctions are a severe remedy and should be imposed only 'where the violation is due to willfulness, bad faith, or fault of the party.'" *Tornabene*, 2024 WL 809900, at *9 (quoting *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996)).

When terminating sanctions are sought, courts must weigh the following factors before imposing the requested sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions;

(4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). The Court need not make explicit findings regarding each factor, but a finding of "willfulness, fault, or bad faith" is required for dismissal or default judgment to be proper. *Id.* "Where a party so damages the integrity of the discovery process that there can never be assurance of proceeding on the true facts, a case dispositive sanction may be appropriate." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007); *Heit v. Livingston*, No. 2:23-cv-00507-BLW, 2025 WL 588121, at *2 (D. Idaho Feb. 24, 2025).

Finally, instead of or in addition to the sanctions authorized under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III. ANALYSIS

### A. Double M Did Not Comply With the Court's Order

Double M did not comply with the deadline imposed by the Court's August 27 order. The Court required compliant responses by September 24, 2025 (Dkt. 21 at 13), but Double M served its amended responses and production on October 13, 2025 (Dkt. 23-1 at ¶ 8). Some form of sanction is thus warranted. Regarding the type of sanction, however, the relevant question is whether that tardy supplementation ultimately supplied the discovery the Court ordered. In answering that, the Court does not consider Double M's amended written responses in isolation. Double M served the responses together with approximately 398 pages of records and now

contends the written responses and production, considered together, cured the deficiencies identified in the Court's prior order. The Court addresses each in turn.

**Interrogatory No. 3.** This interrogatory asks Double M to identify each person with discoverable information regarding the litigation and summarize the information that person possesses. In granting the motion to compel, the Court held that persons with information concerning the sale and manufacture of Double M's products possess information relevant to the litigation and ordered Double M to provide that information. The amended response identifies Travis Mills, Morgan Nash, Raymond Nulph, Chris Nulph, and Nicholas Nulph (Dkt. 23-4 at 3-4). Those are the same five individuals identified in Double M's original response; the amendment merely reordered them and omitted Double M itself. The accompanying production, however, contains transaction records identifying additional Double M personnel involved in relevant sales (*see, e.g.*, Dkt. 23-5 at 12 (Jorge Ledesma), 27 (Jimmie Torres), 28 (Destin Sprague), and 44 (Kade Shawver)). Plaintiff therefore has more information concerning potentially knowledgeable persons than the written response alone would suggest. The Court construes the production, together with the amended response, as identifying those individuals and attributing to them the knowledge reflected in the documents in which they are named.

**Interrogatory No. 6.** This interrogatory asks Double M to identify each individual or entity upon whom it relied for the manufacture, acquisition, sale, marketing, or promotion of the pertinent products. In granting the motion to compel, the Court rejected Double M's objections to the request's temporal scope and terminology and ordered Double M to answer Interrogatory No. 6 consistent with that analysis. The amended response identifies Travis Mills and Morgan Nash and expressly incorporates Double M's responses to Interrogatories Nos. 9 and 13 (Dkt. 23-4 at 11). Interrogatory No. 13 identifies four suppliers, and a produced document identifies vendors

associated with the relevant product codes (*id*. at 12-14; Dkt. 23-5 at 1 (Bates No. DM 000001 (DM 1)). The production also contains transaction records identifying additional Double M personnel involved in relevant sales (*see, e.g.*, Dkt. 23-5 at 12, 27-28, 44). The Court construes that production as supplementing the interrogatory response to the extent it identifies additional individuals or entities and attributes to them the involvement reflected in the documents in which they are named. Considering the amended response and production together, Double M has substantially answered the interrogatory.

**Interrogatory No. 10.** This interrogatory asks Double M to provide a complete list of all parts it ever sold, marketed, promoted, or identified using the word "Thunderbird" or the defined Thunderbird marks. In granting the motion to compel, the Court rejected Double M's objections to the term "Thunderbird Marks" and to the breadth of the request and required Double M to answer based on the definitions provided in Plaintiff's discovery requests. The amended response does not provide the requested list. Instead, Double M states only that it used the word "Thunderbird" as depicted in the photographs and screenshots at paragraphs 17, 18, and 19 of Plaintiff's Complaint (Dkt. 23-4 at 12-13).

That said, the accompanying production provides information relevant to the interrogatory that the written response does not acknowledge. Double M identifies sixteen product codes associated with Thunderbird-compatible equipment, and several of the product descriptions themselves use apparent variants or abbreviations of the Thunderbird name, including "T-BIRD BELT GUIDE," "T-BIRD MOTOR COMPLETE," "T-BIRD SS CONNECTOR COMPLETE SET," "THUNDBIRD UNIVERSAL DRIVE SHAFT," "T-BIRD CAST SHAFT ASSY COMPLETE," "FLANGE PACK FOR GEARBOX T-BIRD," and "S.S. DRIVELINE CONNECTOR THUNDRB" (Dkt. 23-5 at 1). The underlying transactional production also

contains invoices that use the word "Thunderbird," further indicating that at least some of the identified products were sold or identified using that terminology. Plaintiff itself acknowledges that Double M produced several invoices responsive to the related request for invoices containing the word "Thunderbird."

Although Double M does not expressly state that each identified product was sold, marketed, promoted, or identified using the Thunderbird name or marks, Double M produced that summary with its amended responses and now represents that its amended responses and production comply with the Court's order. The Court therefore construes Double M's response and contemporaneous production together as identifying the products Double M has disclosed as responsive to Interrogatory No. 10. Double M will be held to that disclosure in the remaining proceedings.

The requests for production present a different issue. The Court need not determine from the present record whether some particular responsive document exists but has been withheld, although that deficiency is apparent from the face of the amended responses. A party responding to a Rule 34 request has an obligation to conduct a reasonable inquiry, and when the party represents either that no responsive documents exist or that all responsive documents have been produced, the representation should be made with "sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Tornabene*, 2024 WL 809900, at *4.

Here, Request for Production No. 8 refers Plaintiff only to the table accompanying Interrogatory No. 9. Request No. 18 states that Double M is unaware of responsive invoices, even

though the production itself contains invoices responsive to that request. Requests Nos. 19, 21,[1] 23, and 25 state that Double M "is collecting documents." Those responses were served in October 2025 and remain open-ended; they do not state whether the collection was completed or whether all responsive documents were ultimately produced. As before, Double M must supplement its responses to verify its review and production are complete. *See id*.

But the Court need not determine with certainty whether Double M has identified every responsive person, product, or document. Double M has elected to respond through its amended written responses together with the documents produced contemporaneously with those responses, and it now represents that it has complied with the Court's discovery order. Going forward, Double M will be held to those disclosures and representations; if Double M later seeks to rely on a witness, product, transaction, or document that should have been disclosed in response to these requests but was not timely identified or produced, the admissibility or use of that evidence will be governed by the Federal Rules, including Rule 37(c)(1).

Accordingly, Double M has not established full compliance with the August 27 order. The remaining deficiencies, however, are narrower than Plaintiff suggests. The interrogatories appear sufficiently responsive after supplementation; the requests for production require definitive statements establishing whether production is complete. Double M must make that final supplementation within twenty-one days of the date of this Order.

**B. Case-Dispositive Sanctions Are Not Warranted**

Although Double M failed to comply fully with the Court's order, the record does not warrant striking its answer, entering default, or imposing another case-dispositive sanction. At

[1] Notably, Request for Production No. 21 was not among the requests adjudicated in the Court's prior order and therefore does not independently support sanctions under Rule 37(b)(2).

minimum, Double M bears fault for missing the Court-ordered deadline. The record, however, does not establish that Double M deliberately concealed evidence or acted in bad faith. More importantly, consideration of the five factors governing case-dispositive sanctions weighs against the relief Plaintiff requests.

The first two factors—the public's interest in expeditious resolution and the Court's need to manage its docket—favor sanctions. Plaintiff served the discovery in August 2024. The Court resolved the parties' dispute in August 2025. Double M then missed the deadline imposed by that order, and the parties remain unable to close the discovery issue. That history has delayed the case and required additional judicial involvement.

Plaintiff has also suffered prejudice, but the nature of that prejudice is important. Plaintiff states that the outstanding discovery has prevented it from obtaining "complete and verifiable information necessary to calculate its damages" (Dkt. 22-1 at 5). It further asserts that "the question remaining at issue is how much damage Plaintiff has sustained as a consequence of Defendant's use of its name" (*id.*).

That prejudice remains curable. Double M has already produced a substantial volume of transactional records and a sales summary. If Double M does not or cannot certify that its production is complete, the Court may permit limited follow-up discovery; if its supplementation supplies information Plaintiff reasonably needed for its damages analysis, the Court can permit limited damages-related supplementation. Nothing in the present record suggests the outstanding discovery has become unavailable or that Double M's conduct has made a rightful decision of the case impossible.

The fourth factor—the public policy favoring resolution on the merits—also weighs against a case-dispositive sanction.

The fifth factor, the availability of less drastic sanctions, weighs most strongly against terminating relief. Plaintiff itself acknowledges that lesser measures are available and requests, as an alternative, appointment of a receiver or special master to examine Double M's records (Dkt. 22-1 at 6).[2] More modest relief remains available still. The Court can require definitive, verified supplementation; permit only the discovery reasonably necessary to address newly produced information; award expenses caused by Double M's noncompliance; and warn Double M that continued noncompliance may result in more severe sanctions.

Further, the Court has not previously imposed lesser sanctions or warned Double M that another discovery violation could result in its answer being stricken or default being entered. The August 27 order required compliance within twenty-eight days but did not contain such a warning (Dkt. 21 at 13). Although an express warning is not invariably required, its absence is significant where lesser sanctions have not yet been tried and remain adequate to cure the identified prejudice. In short, this record differs materially from one in which a party has "so damage[d] the integrity of the discovery process that there can never be assurance of proceeding on the true facts." *New Images of Beverly Hills*, 482 F.3d at 1097.

Accordingly, the Court denies Plaintiff's requests to strike Double M's answer or defenses and to enter default or default judgment. The Court also declines to appoint a receiver or special master. Ordinary Rule 37 enforcement remains adequate to obtain the remaining information.

---

[2] Although the Court notes this request for the record, it also notes that Plaintiff has made no effort to meet the requisite, equitable considerations for imposition of a receiver. Under federal law, appointment of a receiver is an "extraordinary equitable remedy" that should be exercised cautiously. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)). Such a request is not warranted on this record.

Plaintiff separately characterizes Double M's conduct as contempt. Rule 37(b)(2)(A)(vii) authorizes the Court to treat the failure to obey a discovery order as contempt. The Court concludes the sanctions and enforcement measures imposed below adequately address Double M's present noncompliance and declines to treat its conduct as contempt.

**C. Appropriate Remedy**

The appropriate remedy is to complete the discovery required by the August 27 order, cure the prejudice caused by Double M's delay, and compensate Plaintiff for reasonable expenses caused by the noncompliance.

Within twenty-one days after entry of this Order, Double M must serve supplemental written responses to Requests for Production Nos. 8, 18, 19, 21, 23, and 25. For each request, Double M must state unequivocally whether it has produced all responsive documents within its possession, custody, or control. If responsive documents remain, Double M must produce them. If, after reasonable inquiry, no additional responsive documents exist, Double M must say so. A knowledgeable corporate representative must also submit a declaration describing the reasonable inquiry undertaken to locate responsive documents and confirming whether production is complete.

The Court will not reopen dispositive-motion practice. Plaintiff identifies the outstanding prejudice principally as its inability to develop and quantify damages, not as an inability to litigate liability. That prejudice can be addressed through targeted supplementation and limited follow-up discovery.

After Double M completes the supplementation ordered above, the parties must meet and confer regarding any follow-up discovery reasonably necessary because of any newly produced information. Such discovery must be limited to the subjects of the supplementation ordered here

and may include, if genuinely necessary, a targeted Rule 30(b)(6) deposition or limited supplementation of damages-related expert disclosures. Within fourteen days after Double M completes its supplementation, the parties must file a joint status report identifying any agreed-upon follow-up discovery, any dispute concerning its necessity or scope, and proposed deadlines for completing the remaining pretrial proceedings and setting the matter for trial.

Finally, an award of expenses is warranted under Rule 37(b)(2)(C). Double M explains that additional time was required to collect historical records, and the Court considers that explanation in declining to impose more severe sanctions. But that explanation does not substantially justify missing the Court-imposed deadline and leaving material responses unresolved thereafter. Double M did not seek an extension of the Court-imposed deadline before it expired, and its eventual supplementation left multiple responses expressly open-ended for months thereafter. Plaintiff is therefore entitled to recover the reasonable expenses, including attorney fees, caused by Double M's failure to comply with the August 27 order.

If Plaintiff seeks an award of those expenses, it shall submit an application supported by appropriate billing records and a declaration within fourteen days after entry of this Order. Double M may respond within fourteen days thereafter. In determining the appropriate amount, the Court will consider whether the claimed expenses were reasonably caused by Double M's noncompliance, including whether particular work was devoted principally to sanctions the Court has denied.

Plaintiff also requests fees incurred in obtaining the original order compelling discovery. Those expenses preceded Double M's violation of the August 27 order and therefore were not "caused by" its failure to obey that order within the meaning of Rule 37(b)(2)(C). The Court therefore does not award those expenses under Rule 37(b)(2)(C).

Any further failure to comply fully and timely with the Court's discovery orders may result in additional sanctions under Rule 37(b)(2)(A), including evidentiary sanctions, striking claims or defenses, or entry of default judgment.

## IV. ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Discovery Sanctions (Dkt. 22) is **GRANTED IN PART and DENIED IN PART**.
2. Within **twenty-one (21) days**, Double M must supplement its responses to Requests for Production Nos. 8, 18, 19, 21, 23, and 25 and state whether all responsive documents have been produced. Any additional responsive documents must be produced at that time.
3. Double M must also provide a declaration from a knowledgeable corporate representative describing the inquiry undertaken to locate responsive documents and confirming whether production is complete.
4. Plaintiff's requests to strike Double M's answer or defenses, enter default or default judgment, appoint a receiver or special master, and treat Double M's conduct as contempt are **DENIED**.
5. Within **fourteen (14) days** after Double M completes its supplementation, the parties must file a joint status report addressing any limited follow-up discovery and proposing deadlines for the remaining pretrial proceedings. The Court will not reopen dispositive-motion practice.
6. Plaintiff is entitled to recover the reasonable expenses, including attorney fees, caused by Double M's failure to comply with the August 27, 2025 order. Any fee application must

be filed within **fourteen (14) days** of this Order. Double M may respond within **fourteen (14) days** thereafter.

7. Plaintiff's request for fees incurred in obtaining the original order compelling discovery is **DENIED** under Rule 37(b)(2)(C).

DATED: September 21, 2026

Amanda K. Brailsford
U.S. District Court Judge